FILED

02 MAY 30 PM 2:16

CLERK ... COURT
MIDDLE ... FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA Division

## CIVIL RIGHTS COMPLAINT FORM

JEROME RONNIE GLOVER
#2002004225

(Enter full name of each Plaintiff and prison number, if applicable)

CASE NUMBER: 8:02-CV-954-T-24MSS
(To be supplied by Clerk's Office)

v.

CHARLES B. WELLS
MARYLYN COVINGTON
MARY LOUISE WALTON
YVONNE INGERSOLL

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

EARL MORELAND
PAUL HUDSON
STATE FARM INSURANCE
RONNIE GRUBB AGENCY
BRADENTON POLICE DEPARTMENT
NASARIO CAMACHO

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: PORT MANATEE JAIL
(Indicate the name and location)

14470 HARLEE ROAD, PALMETTO, FLORIDA 34221

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions] Not Applicable or N/A

*NOTE: ALL REFERENCE MATERIAL IS REFERRED TO AS R AS IN RECORD.

N/P

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the grievance and response to this Complaint form.

3. Were you denied emergency status? Yes ( ) No ( ) N/A

   a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( ) N/A

b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( ) N/A

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? N/A
Yes ( ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this N/A day of N/A, 19 N/A.

N/A
Signature of Plaintiff

III. DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? I filed grievance (#02-0752), A response to Grievance. (#02-0752A.) An Appeal Response (#02-0752B) A Letter to Capt. in Charge of Case. Legal Affairs

2. What were the results? Only Legal Affairs sent Report (Narrative) No charges filed. Request denied for Legal research.

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: N/A

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 21st day of May, ~~19~~ 2002.

[signature]
Signature of Plaintiff

IV. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓ )

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓ )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): N/A

Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the county):

N/A

3. Docket Number: N/A

4. Name of judge: N/A

5. Briefly describe the facts and basis of the lawsuit: N/A

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

N/A

7. Approximate filing date: N/A

8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been

dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

N/A

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: JEROME RONNIE GLOVER

Mailing address: 14470 HARLEE ROAD
PALMETTO FLORIDA - 34221

B. Additional Plaintiffs: ______

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: CHARLES B. WELLS

Mailing Address: 14470 HARLEE ROAD
PALMETTO FLORIDA 34205

Position: SHERIFF

Employed at: MANATEE COUNTY SHERIFF'S OFFICE

D. Defendant: MARYLYN CONVINTON

Mailing Address: 126 13th AVE. WEST
BRADENTON FLORIDA - 34205

Position: NURSE

Employed at: UNKNOWN

E. Defendant: MARY LOUISE WALTON

Mailing Address: 126 13th AVE. WEST
BRADENTON FLORIDA 34205

Position: UNEMPLOYED

Employed at: UNKNOWN

F. Defendant: YVONNE INGERSOLL

Mailing Address: 14470 HARLEE ROAD
PALMETTO FLORIDA 34221

Position: OFFICER

Employed at: MANATEE COUNTY SHERIFF DEPARTMENT

G. Defendant: EARL MORELAND

Mailing Address: 1112 MANATEE AV WEST
BRADENTON FLORIDA 34205

Position: STATE ATTORNEY

Employed at: STATE ATTORNEYS OFFICE

H. Defendant: PAUL HUDSON
Mailing Adress: 1112 MANATEE AV WEST
BRADENTON FLORIDA 34205
Position: ASSISTANT STATE ATTORNEY
Employed at: STATE ATTORNEYS OFFICE

I Defendant: RONNIE GRUBB
Mailing Adress: 5615 26th St. West
BRADENTON FLORIDA 34208
Position: INSURANCE AGENT
Employed at: STATE FARM INSURANCE

J. Defendant: NASARIO CAMACHO
Mailing Adress: 100 10th St. WEST
BRADENTON FLORIDA 34205
Position: POLICE OFFICER
Employed at: BRADENTON POLICE DEPARTMENT

VI. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

BASED ON THE STATEMENT OF FACTS: I WISH FILED CLAIM ON THE MANATEE COUNTY SHERIFFS OFFICE BY FAILING TO PROVIDE AFFIANT WITH ADEQUATE LIBRARY FACILITIES, THUS, DENYING HIM REASONABLE ACCESS TO COURTS AND EQUAL PROTECTION AS GUARANTEED BY THE FIRST AND FOURTHEENTH AMENDMENTS OF THE CONSTITUTION. I WOULD ALSO, LIKE TO RESERVE RIGHT TO FURTHER CLAIMS.

VII. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

ON DECEMBER 23, 2002 MARY L. WALTON KNOWING FRAUDULANTLY AND MISLEADINGLY GAVE FALSE INFORMATION TO OFFICER NASARIO CAMACHO OF THE BRADENTON POLICE DEPARTMENT. MS WALTON STATED THAT ON NOVEMBER 23, 2002 SHORTLY BEFORE NOON SHE GAVE JEROME R. GLOVER, AFFIANT, KEYS TO HER CAR TO TEMPORARILY USE HER CAR. YET, IN FACT MS. WALTON GAVE JEROME AN EXTRA SET FOR HIS PERSONAL USE. TO USE THE CAR AND SELL IT FOR HER. AS LONG HE PAID HER $1500 WHEN SOLD. JEROME WORKED ON CAR FOR TWO-THREE DAYS AND FINALLY GOT IT STARTED.

STATEMENT OF FACTS CONTINUED:

WITHOUT KNOWING THE FACTS OF POSSIBLE INSURANCE FRAUD THROUGH THE RONNIE GRUBB STATE FARM INSURANCE AGENCY, IN WHICH MS. WALTON DEALT WITH OFFICER CAMACHO ACTING THROUGH ITS AGENCY THE STATE ATTORNEYS OFFICE - EARL MORELAND STATE ATTORNEY, PAUL HUDSON ASSISTANT STATE ATTORNEY WITHOUT THOUROUGH INVESTIGATION PROCEEDED TO ISSUED WARRANT THROUGH CHARLE B. WELLS AND MANATEE COUNTY SHERIFF DEPARTMENT.

AFTER AFFIANT FOUND OUT WARRANT WAS ISSUED, HE TURNED HIMSELF IN, ONLY AFTER VISITING MS WALTON TO FIND OUT WHAT HAD HAPPENED. MS. WALTON TOLD AFFIANT THAT SHE DIDN'T TELL POLICE JEROME STOLE CAR. WHEN REACHING JAIL, AFFIANT WROTE MS WALTON ASKING HER TO GO TO STATE ATTORNEYS OFFICE AND TELL TRUTH OF THE MATTER. YET WHAT MS. WALTON DID WAS SEND MARYLYN COVINGTON A NURSE AT JAIL WHERE AFFIANT WAS DETAINED, TO TRY AND COERCE AFFIANT INTO KEEPING QUIET.

NURSE COVINGTON, KNOWINGLY AND MISLEADING USED HER WORKING CAPACITY TO LURE THE AFFIANT INTO HALLWAY, IN FRONT OF NUMEROUS INMATES AND OFFICER, ONLY TO VERBALLY ABUSE AFFIANT, ALONG WITH DISCUSSING HIS CASE WITHOUT COUNSEL IN OPEN PUBLIC.

AFTER REQUESTING AND FILING GRIEVANCES TO FILE CHARGES ON NURSES UNCONSTITUTIONAL ACTS AFFIANT THEN PROCEEDED IN HOPES OF LEGAL RESEARCH OF WHAT WAS NEEDED TO PROVE THE VIOLATIONS

STATEMENT OF FACTS CONTINUED:

THAT OCCURED WAS IN FACT VIOLATIONS, YET ON SEVERAL OCCASSIONS, THE SHERIFF DEPARTMENT DENIED ANY ASSOCIATION WITH MS. COVINGTON AND HER POSITION AT THIS JAIL.

AFFIANT, TRYING THE NECESSARY LEGAL RESEARCH THROUGH LAW LIBRARY RAN BY SHERIFFS DEPUTY YVONNE INGERSOLL. Most of MATERIAL REQUESTED WAS DENIED OR IN VERY SMALL PART. AFTER AFFIANT LAST DITCH EFFORT TO WRITE LEGAL AFFAIRS AFFIANT, AGAIN WAS TOLD THAT NURSE COVINGTON DIDN'T WORKED FOR MANATEE COUNTY SHERIFFS OFFICE.

AFTER ALL OF THIS, AFFIANT WAS LEFT WITH NO ALTERNATIVE BUT TO FILED THIS FORM IN SEEKING WHATEVER DAMAGES POSSIBLE FOR THE COMPROMISING VIOLATIONS, THAT WITHOUT THE LEGAL MEANS GUARANTEED HIM THROUGH THE CONSTITUTION, BRINGS FORTH THIS ACTION.

VIII. RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

HAVE ALL PARTIES GUILTY OF ANY VIOLATIONS OF CONSTITUTIONAL RIGHTS TO ACKNOWLEDGE THEIR MISTAKES BY CORRECTING THEM IN A MANNER BENEFICIAL TO THOSE HARMED AT PRESENT AND IN THE FUTURE. TO INVESTIGATE, IF ANY RETALIATION OCCURS DURING PROCEDURE AT HAND OF THIS ACTION.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 21ST day of MAY, 19 2002.

STATE OF FLORIDA
COUNTY OF MANATEE

[signature]
SIGNATURE OF PRINCIPAL

Sworn To (or Affirmed) and Subscribed before me this 21 day of MAY 2002
BY JEROME GLOVER

____ Personally Known or
✓ Produced Identification

Type of identification produced
JAIL ID

[signature]
Notary Public

OFFICIAL NOTARY SEAL
YVONNE INGERSOLL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD092132
MY COMMISSION EXP. FEB. 14,2006

[signature]
(Signatures of all Plaintiffs)

# MANATEE COUNTY SHERIFF'S OFFICE

CORRECTIONS BUREAU

INMATE GRIEVANCE FORM

INMATE'S NAME Glover, Jerome (Last / First / Middle) CELL ~~NU 4A~~ G4/NW 14

**STEP ONE - INMATE GRIEVANCE**

This Grievance is in regards to incident which occur Friday Morning, March 29, 2002, at approximately 8:30 a.m. After doing the necessary report to my legal counsel and Probation officer I filing this Grievance since the Sheriff Department refuses to furnish me with any report to their action they have taken. I'm awaiting advice from Legal counsel before any other steps on my part.

INMATE'S SIGNATURE Jerome Glover 4/6/02 DATE

**STEP TWO - RESPONSE OF THE SHIFT SUPERVISOR**

I have no Idea what you are refering to. Please send more info on a regular 3 page request addressed to me

SHIFT SUPERVISOR'S SIGNATURE Lt Parmenter DATE 4/11/02

**I WISH TO APPEAL THE RESPONSE OF THE SHIFT SUPERVISOR**

INMATE'S SIGNATURE ____________ DATE ______

**RESPONSE OF THE OPERATIONS LIEUTENANT (APPEAL ONLY)**

LIEUTENANT'S SIGNATURE ____________ DATE ______

MCSO FM 86-117 (Rev 3/94)

MANATEE COUNTY SHERIFF'S OFFICE
CORRECTIONS BUREAU
CONTACT FORM

R-#02-0752(A)

NAME: Jerome Glover P & P NUMBER: 2002004225

HOUSING UNIT: G-4NW DATE: 4/15/02

- [ ] Classification
- [ ] Medical
- [ ] Programs
- [ ] Supervisor On Duty
- [ ] Chaplain
- [ ] Property
- [x] Other - Specify Lt. Parmentes
  Re: Grievance #02-0752
  Nurse

REQUEST

Lt. Parmentes, on Friday March 29, 2002 at approximately 8:30 am Nurse Covington call me out of the cell solely for the purpose of questioning me about my case. She curse me throughout our whole conversation and I requested not to continue our conversation. After which I told ofc. Taylor I wanted to not have any contact with her. After more thought I was intending to press charges for verbal abuse by her. But Ofc. Taylor said that the Department had file charges with State Attorney I ask for a report of these charges against nurse Covington. If charges haven't been filed then the Department should be held accountable in which I'll discuss with counsel!

Officer receiving request: [signature] ID # 344

RESPONSE

As you are aware Nurse Covington no longer works here. As far as any criminal charges are concerned nothing was done as far as I can tell.

DISTRIBUTION

*WHITE - Facility Copy*

*CANARY - Inmate after completion*

*PINK - Inmate Copy*

Officer responding to request: Lt Parmentes 4/19/02
Date

MCSO FM 06-130 (Rev 03/02)

**[MA]NATEE COUNTY SHERIFF'S O[FFI]CE**
**CORRECTIONS BUREAU**
**CONTACT FORM** R-[#02-0752B]

NAME: Jerome R. Glover P & P NUMBER: 2002004225

HOUSING UNIT: G4NW DATE: 4/17/02

- [ ] Classification
- [ ] Medical
- [ ] Programs
- [ ] Supervisor On Duty
- [ ] Chaplain
- [ ] Property
- [x] Other - Specify Lt. Parmentes

**REQUEST**

Lt. Parmentes you told me to write you or a 3 page Request, which I did - concerning the March 29, 2002 incident of Nurse Covington. Mam - it's apalling to believe that the Sheriff Department tried to coerce me, to believe nothing happen by sending two Lieutenants saying nothing happen, Now, if you think I'm that dense, to believe this - go right ahead. But, if cant resolve this matter ~~at~~ this local level. I will not only seek a record of the incident but I will make sure I write the Attorney General to seek an investigation into the negligence the Manatee County Sheriffs, Department for no reporting the incident and all the charges pending! Sincerely Jerome Glover

Officer receiving request: Brooks ID # Q73

**RESPONSE**

You may proceed however you wish to. I have already answered your requests. The report submitted by Dep Taylor states Nurse Covington was asked to leave the dorm area when he discovered she was not discussing a medical issue with you. Since Ms. Covington and Rural Health no longer works for the department there is nothing for us to pursue.

**DISTRIBUTION**

*WHITE - Facility Copy*

*CANARY - Inmate after completion*

*PINK - Inmate Copy*

Officer responding to request: Lt. Parmentes Date: 4/24/02

MCSO FM 09-130 (Rev 03/02)